## HANNAH E. SPAULDING *vs.* BENJAMIN B. NOURSE.

Worcester.   Oct. 7, 1886. — Feb. 23, 1887.   DEVENS & W. ALLEN, JJ.,
absent.

In 1856, a town laid out a town way over the land of A.  In the same year, the
town, under an article in the warrant " to see if the town will discontinue any
part of the road " referred to, voted to discontinue one half-rod on A.'s land,
and thence to land of B. to a point.  The effect of this was to make the road
narrower.  In 1875, the Legislature passed an act confirming the vote of the
town.  The part of the road discontinued remained open until 1885, when C., to
whom A. had conveyed his title in the land, erected a fence on the discontinued
part of the street.  *Held,* in an action by C. against the highway surveyor of
the town for removing the fence, that the act of the Legislature was constitu-
tional.  *Held, also,* that declarations made by A. at the town meeting when the
road was discontinued, that if the town would discontinue the road there should
be no fence erected there, and that it should remain open to the public, were
inadmissible.

TORT, for breaking and entering the plaintiff's close in West-
borough.   Writ dated December 15, 1885.   Answer, a general
denial.   The case was submitted to the Superior Court, on an
agreed statement of facts, in substance as follows:

The plaintiff was at the time of the alleged trespass the
owner in fee of a certain tract of land in the town of West-
borough, the title to which she derived through mesne convey-
ances from Moses G. Davis and Edwin Bullard, who were the
owners in fee of said premises in the year 1856 and previously.
The selectmen of Westborough, on August 23, 1856, located a
road from the Common to Cottage Street, over the land in
question, two rods in width.

At a town meeting held on September 8 in the same year, the
town voted to accept the report of the selectmen in locating said
road ; and it is admitted that the acts of the selectmen and of the
town in locating said road were in proper legal form, and that
no alteration in said way has been made except as is hereinafter
stated.   The said road is now called Brigham Street.

At a town meeting held on November 4 in the same year, under
an article " To see if the town will discontinue any part of the
road recently located from the Common to Cottage Street, or act
anything thereon," it was voted " To discontinue one half a rod

on Davis and Bullard's land, and thence to land of R. G. Holmes to a point."

In 1875, the Legislature passed an act relating to said vote of the town of Westborough, which may be referred to. St. 1875, c. 224. The selectmen of Westborough, by instruction of said town, appeared before the Legislature and opposed the passage of said act.

The fence, for the removal of which this action is brought, stood upon the strip of land, one half-rod in width, referred to in said vote and in said act. The defendant was at the time of the alleged trespass a highway surveyor of the town of Westborough, having charge of said Brigham Street; and it is admitted that he had a right to remove said fence, if said strip of land was at the time a part of the town way. Said fence was erected but a few weeks prior to its removal by the defendant, and for most of the time since the year 1856 said strip of land has remained open, and has been used by the public in the same manner as the adjoining town way. The defendant took down and removed said fence, and in doing so claimed to be acting under his authority as highway surveyor.

It is admitted, if competent, that Bullard and Davis were present at the town meeting when the vote to discontinue was passed, and that Bullard addressed the voters in favor of said discontinuance and stated in the course of his remarks, that, in case the town voted to discontinue the said half-rod in width, there should be no fence erected on said land, and that it should remain open for the public, and that Davis assented thereto.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered in her favor for the sum of $30; otherwise, for the defendant.

*Knowlton,* J., ordered judgment to be entered for the plaintiff in the sum of $30; and the defendant appealed to this court.

*W. T. Forbes,* for the defendant.

*J. E. Beeman,* for the plaintiff.

GARDNER, J. By the Rev. Sts. *c.* 24, § 70, a town at a meeting regularly called for that purpose may discontinue any town way or private way. Under this statute the town of Westborough, in November, 1856, voted to discontinue a strip of land one half a rod in width upon the side of a town way " on Davis

and Bullard's land, and thence to land of R. G. Holmes to a point." The plaintiff is now the owner of land then of Davis and Bullard. The legality of the vote of the town was disputed, upon the ground that the town could have discontinued the way altogether for the whole or any part of its length, but, under a vote to discontinue, could not narrow the road. It. was contended that the act voted to be done was an alteration, and not a discontinuance; that the selectmen in the first instance could alone determine the expediency of altering a town way; and that the alteration of a road is technical, and means the substitution of one line of way for another, and the discontinuance of that for which it is substituted. *Sprague* v. *Waite*, 17 Pick. 309, 315. *Goodwin* v. *Marblehead*, 1 Allen, 37.

In 1875 the Legislature passed an act confirming the vote of Westborough of November 4, 1856. St. 1875, *c.* 224. By this act the vote of the town "is hereby made valid and confirmed to the same extent as if said town had authority in that manner to alter the width of the way; and said way is hereby laid out one rod and a half wide on that part, in accordance with the said vote and the plan on file in the town clerk's office in said town."

The defendant denies the authority of the Legislature to pass this act, and denies that it has binding force, upon the ground that, having conferred upon another tribunal the power to alter town ways, until the general laws by which the Legislature did this should be altered or repealed, its power in such a case as the present was exhausted, citing *White* v. *White*, 105 Mass. 325. This case has no application to the power of the Legislature in the case under consideration. It was held there that the Legislature had exercised its power under the Constitution to take away the jurisdiction of the Governor and Council, and confer it upon another tribunal; and that, until the general law by which this was done should be altered or repealed, it had no power to declare by special act two persons to be husband and wife. The Legislature has the right to cure technical defects and informalities which do not affect vested rights. Retrospective statutes passed for the purpose of curing defects in legal proceedings, where they are in their nature irregularities only, are not unconstitutional.

The rule applicable to cases of this description is substantially as follows : " If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." Cooley Const. Lim. (5th ed.) 458. The healing statute must in all cases be confined to making acts valid which the Legislature might previously have authorized. If the Legislature has the power to authorize the act to be done, it may by a retrospective act cure the evils which exist because the power thus conferred has been irregularly executed. The question with the Legislature is one of policy, and the determination made of it by that body is conclusive. *Thomson* v. *Lee*, 3 Wall. 327. The act of the Legislature in ratifying an act done by a town or a corporation is in all respects equivalent to original authority, and cures all defects of form and irregularity. *Beloit* v. *Morgan*, 7 Wall. 619. Such laws are justly deemed statutes of repose, and tend to prevent litigation and strife in the community. They declare in effect that such proceedings shall be deemed valid and obligatory upon all parties who had not at the date of their passage acquired vested rights under them. *Allen* v. *Archer*, 49 Maine, 346. *Underwood* v. *Lilly*, 10 S. & R. 97. *Allen* v. *Armstrong*, 16 Iowa, 508. *Smith* v. *Cleveland*, 17 Wis. 556. *Abbott* v. *Lindenbower*, 42 Mo. 162.

The attention of this court was first called to the question at issue in 1806, when Chief Justice Parsons said : " We are not prepared to deny a right in the General Court to discontinue, by statute, a public highway." *Wales* v. *Stetson*, 2 Mass. 143. By the St. of 1822, *c.* 59, the Hampshire and Hampden Canal Company was incorporated. A canal and feeder for the same were regularly located in such a manner as to include the whole of a highway; and, under this location, an excavation and embankment were so made as entirely to take up the road, and obstruct all travel upon it. It was held that the road at the place in

question, by the laying out of the canal, had been discontinued by the authority of the Legislature ; and, consequently, that the town was not responsible to a person injured by reason of its being out of repair. *Tinker* v. *Russell,* 14 Pick. 279.

The statute in the case at bar is strictly remedial. It was passed to remedy a technical defect in the manner of altering a way. It comes strictly within the rule laid down. It was within the power of the Legislature to authorize towns to alter town ways in the manner attempted by the inhabitants of Westborough. By prior law, the Legislature might have authorized towns at a public meeting to alter ways, as well as to discontinue them. It was within its power to give the authority by subsequent legislation, and thus to confirm the act attempted to be done. " A Legislature which, in its acts not expressly authorized by the Constitution, limits itself to correcting mistakes and to providing remedies for the furtherance of justice, cannot be charged with violating its duty, or exceeding its authority." *Foster* v. *Essex Bank,* 16 Mass. 245, 273.

The act of the Legislature interfered with no vested rights of the owners of lands abutting on the street. Such owners may have sustained inconvenience, but no such injury was done them as to entitle them to damages. Such inconvenience was experienced by them in common with all the other members of the community. The plaintiff in this action rests her case upon the legality of the act of the Legislature in confirming the action of the town in discontinuing the portion of the road fronting upon her estate. She is the only one whose land abutted upon the discontinued strip, excepting the small portion running to a point, on land formerly of one Holmes. The land of Holmes was accessible to the road by that part of the way not discontinued. The discontinuance did not deprive the plaintiff or Holmes of access to the road from their entire frontage, and did not deprive any of the abutters from using it in the same manner as before the strip was cut off from the street. The only inconvenience that the plaintiff and Holmes sustained was common to all upon the road in greater or less degree, that of being upon a narrower way. The damages of all the abutters upon the road were contingent, remote, and indefinite, and no personal right of action accrued to any of them. No contract was impaired and no

vested right was disturbed by the passage of the legislative act. *Smith* v. *Boston*, 7 Cush. 254. *Castle* v. *Berkshire*, 11 Gray, 26. *Brainard* v. *Connecticut River Railroad*, 7 Cush. 506.

The declarations and agreements made by Bullard at the town meeting when the vote to discontinue was passed, and the fact that Davis was present, were immaterial, and were not insisted upon by the defendant in argument.

*Judgment affirmed.*