CHARLES H. OGDEN & others *vs.* SELECTMEN OF FREETOWN & others.

Bristol.    October 25, 1926. — January 4, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Municipal Corporations,* Raising and appropriation of money, Town meeting, Moderator.

Under an appropriate warrant at a special meeting of a town having no by-laws, one hundred twelve votes were cast in favor of and eighty-nine votes against a proposal that a certain sum be raised and appropriated for the construction of certain streets, in conjunction with like sums contributed by the State and county.   Upon the vote, the moderator "ruled that at a special meeting a two-thirds vote is necessary to make an appropriation, the article was declared lost." *Held,* that

(1) The vote was valid; by it money was raised and appropriated for a general public use and the sum so raised and appropriated became a part of the general tax levy for the year;

(2) The vote containing no mention of an incurring of indebtedness, statutory provisions relative to a vote by two thirds of those voting were inapplicable: the moderator's ruling was erroneous;

(3) The moderator's declaration was a mere statement of opinion; it was not within his duties as prescribed in G. L. c. 39, § 15, and was of no binding force.

The mere fact, that at an annual town meeting articles in the warrant relating to the raising and expenditure of money for work to be done on certain streets was voted down, did not affect the validity of a vote for the same purpose passed at a later special town meeting duly warned.

The mere facts, that after the vote at the special town meeting above described was passed, another special town meeting was called and articles in the warrant, seeking action to rescind the vote at the previous meeting and to determine how the money voted at the previous meeting should be raised, were lost, and further articles, "to raise and appropriate" money for the purpose of the work on the described streets, were laid on the table, did not affect the validity of the vote at the earlier special meeting.

*Whether* the State or the county or the town took the first step in the proceedings as to the construction of the road, to which the vote at the first special meeting related, was of no consequence in determining, in a suit in equity under G. L. c. 40, § 53, to enjoin the expenditure of funds under that vote, whether such expenditure was proper.

.   BILL IN EQUITY, filed in the Superior Court on August 13, 1926, under G. L. c. 40, § 53, by eleven taxable inhabitants of the town of Freetown.

In the Superior Court, the suit was heard by *Hammond,* J., upon the bill and answer.   It appeared from the answer that the town had no by-laws.

After the action at the special meeting of March 30, 1926, described in the opinion, another special town meeting was called for April 23, 1927, the warrant containing articles in substance (2) "To see if the town will vote to rescind the action" taken at the previous special meeting; (3) to determine how the sum voted at the previous special meeting should be raised; and (4 and 5) to see if the town would vote to raise and appropriate that sum.   Articles 2 and 3 were defeated and articles 4 and 5 were laid on the table.

Other material facts admitted in the pleadings are stated in the opinion.   By order of the judge, a final decree was entered dismissing the bill.   The plaintiffs appealed.

*S. Rosenberg & T. F. O'Brien,* for the plaintiffs, submitted a brief.

*G. H. Potter,* (*W. B. Perry, Jr.,* with him,) for the defendants selectmen of Freetown and another.

*E. L. Marchant,* for the defendant Canedy Construction Company, submitted a brief.

RUGG, C.J.   This is a bill in equity by eleven taxpayers to restrain an alleged illegal expenditure of money by the town of Freetown.   The case was heard upon bill and answer. The relevant facts thus disclosed are that at a special town meeting held on March 30, 1926, upon a warrant containing an appropriate article, it was voted that $12,500 be raised and appropriated for the construction of asphalt macadam on North Main Street, in conjunction with like sums contributed by the State and county, and of water bound macadam on Braley Road.   On the record of the meeting it

further is stated: "Vote taken by paper ballot and names of voters checked as ballots were cast.   The number of votes cast in favor of the article were 112; those opposed 89.   As the Moderator ruled that at a special meeting a two-thirds vote is necessary to make an appropriation, the article was declared lost."

The vote as shown by the record was a valid vote.   Money can be raised and appropriated at a special town meeting called for that purpose.   *Freeland* v. *Hastings,* 10 Allen, 570, 590.   By the vote as recorded money was raised and appropriated for a general public use.   The sum so raised and appropriated became a part of the general tax levy for the year.   It became the duty of the assessors to include that amount in the sum to be assessed to defray town charges.   G. L. c. 59, § 23.   No mention was made in the article nor in the vote as to incurring indebtedness.   No authority to incur indebtedness existed under the vote.   Hence provisions of statute relative to a vote by two thirds of those voting were inapplicable.

The declaration by the moderator to the effect that the article was lost was a mere expression of opinion by him as to the force and effect of a vote stated in full terms on the record of the town.   The office of moderator is an ancient one.   Its powers are extensive.   It is provided in G. L. c. 39, § 15, that the moderator "shall preside and regulate the proceedings, decide all questions of order and make public declaration of all votes . . . ."   The public declaration of the vote in question included the statement of the question and the announcement of the number of votes cast on the one side and on the other.   That vote stood as cast and declared and carried its own legal implications.   The moderator was not clothed with any authority to interpret as matter of law the effect of the vote so declared.   *Adams* v. *Townsend Schoolhouse Building Committee,* 245 Mass. 543, 549.   The statement of his opinion by the moderator was of no binding force.   It amounted to no more than did a declaration of the town meeting itself expressive of its view of the legal effect of a vote already taken.   *Wheeler* v. *Carter,* 180 Mass. 382, 388.

The circumstance, that at the annual town meeting held earlier in the same month articles in the warrant calling for similar appropriations had been voted down, did not prevent a subsequent appropriation for the same purpose. The subject related to specific repair of highways. *Bigelow* v. *Worcester,* 169 Mass. 390, 393. *L'Huilier* v. *Fitchburg,* 246 Mass. 349, 351. The vote at the first meeting did not limit the power of the town at the second meeting. The principle of *Wood* v. *Milton,* 197 Mass. 531, has no pertinency to the facts of the case at bar.

There is nothing in the record to indicate that the requirements of G. L. c. 81, §§ 26, 27; Sts. 1921, c. 120; 1922, c. 281, have not been or will not be met. Whether the State or county or town took the first step in the proceedings, is of no consequence in the circumstances here disclosed.

It becomes unnecessary to consider whether there were laches on the part of the petitioners in bringing suit. See *Conners* v. *Lowell,* 246 Mass. 279, 285.

*Decree affirmed.*