DIANNE M. CRONIN & others[1] vs. TOWN OF TEWKSBURY
& others.[2]

Middlesex. November 5, 1987. — January 14, 1988.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Municipal Corporations,* Town meeting, By-laws and ordinances.
*Tewksbury.*

Defeat of a motion to postpone indefinitely consideration of a certain appro-
priation under an article before a town meeting was not "unfavorable
action" within the terms of a by-law of the town so as to require a
three-fourths majority vote to rescind that appropriation, with the result
that a vote of 770 to 503 at a later special town meeting properly
rescinded the appropriation. [540-541]

CIVIL ACTION commenced in the Superior Court Department
on August 7, 1986.

The case was heard by *Andrew G. Meyer, J.,* on motions
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Charles W. Rankin* for the plaintiffs.

*Charles J. Zaroulis,* Town Counsel, for the Town of
Tewksbury.

*William E. Melahn* for John Kuchinski & others.

HENNESSEY, C.J. The plaintiffs request declaratory and in-
junctive relief under G. L. c. 231A (1986 ed.) and G. L. c. 40,
§ 53 (1986 ed.). The plaintiffs seek to prevent the town of
Tewksbury from expending $310,000 which was appro-

---

[1] Fourteen other taxpayers of Tewksbury.

[2] Twenty-nine individually named interveners who are Tewksbury parents
whose children were to be given transportation to private schools under the
disputed article. We shall refer to a single defendant.

priated under Warrant Article 33 of the annual town meeting (Article 33) on May 5, 1986. The appropriation was "to be used to execute a contract in the name and in behalf of the Town to provide and administer private school transportation." The plaintiffs make four arguments in requesting relief: (1) the appropriation was properly rescinded by majority vote at a special town meeting on June 16, 1986; (2) the appropriation violates G. L. c. 76, § 1 (1986 ed.), which grants equal transportation rights to private and public school students; (3) the appropriation, by violating G. L. c. 76, § 1, also violates art. 89 of the Amendments to the Massachusetts Constitution, the Home Rule Amendment; (4) the appropriation violates the First Amendment to the United States Constitution and arts. 2 and 3 of the Massachusetts Declaration of Rights.

On cross motions for summary judgment, a judge in the Superior Court ordered the entry of a declaration that, essentially stated, the plaintiffs were correct in the first three grounds cited by them, and further ordered that the town be permanently enjoined from expending the $310,000 appropriated under Article 33. The judge also declared, contrary to the plaintiffs' argument, that the appropriation did not violate either the First Amendment of the United States Constitution or arts. 2 and 3 of the Massachusetts Declaration of Rights.

All parties have appealed the rulings below. We agree with the plaintiffs' contention that the appropriation was rescinded at the special town meeting. This conclusion makes it unnecessary to consider the other grounds argued by the plaintiffs. We therefore vacate, without expression of opinion, those portions of the judge's declaration as to those other grounds.

The appropriation under Article 33[3] was passed at the May 5, 1986, annual town meeting by a vote of 306 to 245. Before this measure was adopted, a motion for its indefinite postpone-

---

[3] The full text of Article 33 as it appeared on the warrant is as follows: "To see if the Town will vote to raise and appropriate or transfer from available funds the sum of $310,000.00 dollars. Said sum to be used to execute a contract in the name and on behalf of the Town to provide and administer private school transportation."

ment was defeated 350 to 165. A special town meeting was called for June 16, 1986. At the outset of this meeting, the town moderator announced that, after speaking with town counsel and reviewing art. 1, § 16, of the town by-laws, he would require a three-fourths vote to give effect to the meeting's Warrant Article 1 (Article 1). Article 1 would rescind the appropriation under Article 33 by reducing it from $310,000 to $0.[4] Article 1 was favored by 770 and opposed by 503. Because it did not receive a three-fourths vote, the moderator declared that it failed to pass.

Determining whether the appropriation under Article 33 validly was rescinded requires us to construe art. 1, § 16, of the town by-laws. Section 16 provides that "[a]ny warrant article or motion thereunder receiving unfavorable action at any Town Meeting shall require a ¾ vote for adoption at a Special Town Meeting. This restriction shall apply when an article or motion presented at a Special Town Meeting contains the same subject matter or would produce the same effect as one acted on at a previous meeting. A request for a different sum of money shall not be considered as changing the subject matter of such an article or motion."

The defendant argues that the 350 to 165 defeat of the motion to postpone indefinitely consideration of Article 33 comes within the terms of § 16, i.e., it was a motion under a warrant article which motion received unfavorable action. The defendant contends, therefore, that the moderator properly concluded that the motion under Article 1 required a three-fourths vote to gain passage at the special town meeting. The plaintiffs argue in response that § 16 does not apply to the defeat of the motion to postpone indefinitely the consideration of Article 33. Defeat of this motion, the plaintiffs contend, is properly characterized as favorable action on the article.

---

[4] The full text of Article 1 is as follows: "To see if the Town will vote to override Article 33 of the Annual Town Meeting of May 5th, 1986; so as to reduce the appropriated sum of $310 thousand dollars to zero dollars for private school transportation."

We begin by noting that the moderator's ruling that a three-fourths vote was necessary to pass the motion under Article 1 is subject to judicial review. See *Blomquist* v. *Arlington,* 338 Mass. 594, 596-599 (1959); *Ogden* v. *Selectmen of Freetown,* 258 Mass. 139 (1927). "The declaration by the moderator to the effect that the article was lost was a mere expression of opinion by him as to the force and effect of a vote . . . ." *Id.* at 141. Whether Article 1 required a three-fourths vote to pass is, in sum, purely a question of law which we address de novo. *Blomquist, supra* at 597.

We conclude that § 16 does not apply to the defeat of the motion to postpone indefinitely the consideration of Article 33. As the defendant recognizes in its brief, passage of the motion to postpone indefinitely the consideration of Article 33 at the annual town meeting would have been the equivalent of a negative vote, which is unfavorable action, on the article. *Commonwealth* v. *Hudson,* 315 Mass. 335, 337 (1943). *Wood* v. *Milton,* 197 Mass. 531, 533 (1908). This is because of the nature of town meetings, which are gatherings of limited duration called to consider only those articles set forth in the warrant. *Id.* at 532-533.

If passage of the motion to postpone indefinitely the consideration of Article 33 would have been unfavorable action on the article, defeat of the motion was necessarily favorable action on the article. Defeat of the motion avoided rejection of the article and set the stage for the article's passage. While the defeated motion is technically within the language of § 16, we agree with the plaintiffs that in its essence the defeated motion is best understood as favorable action on the article. Defeat of the motion to postpone indefinitely the consideration of Article 33 did not, therefore, result in requiring a three-fourths vote at the special town meeting in order to rescind the appropriation under that article. The moderator's ruling to the contrary was erroneous.

Our conclusion that the defeat of the motion to postpone indefinitely the consideration of Article 33 does not come within § 16 does not, as the defendant argues, read the "or

motion thereunder" language out of § 16. That language is effective where a motion to alter the substance of an article is defeated. For example, in this case a motion to amend Article 33 to provide that the funds raised be administered by the school committee was proposed and adopted at the annual town meeting. Had this motion been defeated and then proposed at the special town meeting, a three-fourths vote properly would have been required for its passage, due to § 16.

Having determined that the motion under Article 1 need not be passed by a three-fourths vote, we now consider the legal effect of the 770 to 503 vote in its favor at the special town meeting. The town is free to rescind its action under Article 33 until rights under it have vested. *Labor Relations Comm'n* v. *Selectmen of Dracut,* 374 Mass. 619, 627 (1978). The defendant does not argue that rights under Article 33 vested prior to the June 16 special town meeting. We have rejected the defendant's argument that defeat of the motion to postpone indefinitely consideration of Article 33 requires, under § 16, that the motion under Article 1 be adopted by a three-fourths vote. Because the defendant makes no other arguments in support of its view that Article 1 required a supermajority vote to gain passage, we conclude that the 770 to 503 vote in favor of Article 1 properly rescinded the appropriation under Article 33.

That portion of the judgment which declares that the appropriation was rescinded by majority vote at the special town meeting on June 16, 1986, and grants the plaintiffs permanent injunctive relief against the town, is affirmed. The remainder of the judgment is vacated.

*So ordered.*