CHARLES E. LUCHINI & another[1] *vs.* COMMISSIONER OF
REVENUE.

Worcester. January 8, 2002. - March 25, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Taxation,* Income tax, Tax lien. *Administrative Law,* Exhaustion of remedies.
   Lien.

Taxpayers who, as persons aggrieved by the refusal of the Commissioner of
   Revenue to abate assessments for income tax, had a right of appeal to the
   Appellate Tax Board but neither exercised that right nor paid the assess-
   ments, waived their right to judicial relief by failing to exhaust their
   administrative remedies, where no evidence was produced that an appeal
   to the board would have been futile, or that the board's remedy would
   have been seriously inadequate in some other way. [404-405]
A tax lien recorded by the Commissioner of Revenue pursuant to G. L.
   c. 62C, § 50 (*a*), to recover tax money owed by delinquent taxpayers
   could attach to property acquired by the taxpayers after the creation of the
   lien. [405-406]
A tax lien recorded by the Commissioner of Revenue did not expire before
   delinquent taxpayers acquired the property to which the lien attached, and
   certain money held in escrow could be released to the commissioner as
   partial payment for the taxpayers' tax debt; further, the commissioner's
   right to collect the remaining amount due would continue until one year
   after the date the decision of this court was released. [406-407]

CIVIL ACTION commenced in the Superior Court Department on
March 12, 1998.

The case was heard by *Robert H. Bohn, Jr.,* J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Howard J. Potash* (*Douglas Q. Meystre* with him) for the
plaintiffs.

*Thomas J. Nicholas* for the defendant.

---

[1] Billie K. Luchini. A suggestion of her death was filed on August 3, 1998.
We shall continue to refer to the "Luchinis."

IRELAND, J. Charles and Billie K. Luchini (Luchinis) dispute their income tax bill, and claim that the lien recorded by the Department of Revenue (department) to recover the money is invalid because it attached to property that they did not own at the time the lien was created. Because we agree with the Superior Court judge's conclusions that (1) the Luchinis waived their right to appeal the assessments' validity by failing to exhaust their administrative remedies, and (2) tax liens may attach to after-acquired property, we affirm.

1. *Facts*. The Luchinis lived abroad from 1980 through 1988. Believing themselves exempt from any Massachusetts income tax, they did not file during that time. The department disagreed, and in November, 1992, the Luchinis filed tax returns for the disputed years. Although the Luchinis maintained that they did not owe any money, the department issued assessments for tax, interest, and penalties totaling $41,822.70. Following the department's assessments, the Luchinis filed applications for abatement with the Commissioner, see G. L. c. 62C, § 37, which were denied. As persons aggrieved by the refusal of the Commissioner to abate the tax, the Luchinis had a right of appeal to the Appellate Tax Board (board). See G. L. c. 62C, § 39. They neither exercised that right nor paid the assessments.

In April, 1993, the department filed notice of and recorded a tax lien against the Luchinis for all property and rights to property in the Commonwealth, but the Luchinis did not own any property in the Commonwealth at that time. Over one year later, Charles Luchini's mother deeded to him and his three siblings a parcel of land in Milford, and the lien then attached to that property. The Luchinis filed a declaratory judgment action in the Superior Court, moving for summary judgment that they did not owe the taxes in the first place, but that even if they did, liens on after-acquired property are invalid. The Milford property was sold, and Charles's $22,388.52 share of the sale price was held in escrow pending disposition of this case. The Luchinis' summary judgment motion was denied, and the judge ordered that the escrowed funds be disbursed to the department. The Luchinis appealed, and we transferred the case to this court on our own motion.

2. *Exhaustion of remedies*. As a general rule, we require par-

ties to exhaust their administrative remedies prior to seeking judicial relief. See *Space Bldg. Corp.* v. *Commissioner of Revenue*, 413 Mass. 445, 448 (1992) (*Space Bldg.*), and cases cited. Exceptions may be made in the judge's discretion where "the administrative remedy is 'seriously inadequate,'" and exceptions to the rule occur most often when important, novel, or recurrent issues are at stake, when the decision has public significance, or when the case reduces to a question of law." *Id.*, citing *Sydney* v. *Commissioner of Corps. & Taxation*, 371 Mass. 289, 294-295 (1976).

The Luchinis assert that the administrative remedy would have been "seriously inadequate," that this case has public significance, and that therefore the judge abused his discretion in requiring exhaustion. They rely on *DiStefano* v. *Commissioner of Revenue*, 394 Mass. 315, 319 (1985) (*DiStefano*), and *Space Bldg.*, both of which explain that courts do not require exhaustion of administrative remedies when the exercise would be futile. See *DiStefano, supra* at 319 (appeal to board not available where tax not yet assessed); *Space Bldg., supra* at 449 (appeal to board not required where board lacks jurisdiction to review question raised). The Luchinis produced no evidence that an appeal to the board would have been futile, or that the board's remedy would have been seriously inadequate in some other way. Unlike the plaintiffs in *DiStefano*, the Luchinis were assessed a tax; and unlike the situation in *Space Bldg.*, the board here has jurisdiction to remedy an improperly levied assessment on nonresidents. See, e.g., *Commissioner of Revenue* v. *Dupee*, 423 Mass. 617, 617 (1996). The judge did not abuse his discretion in refusing to excuse the Luchinis' failure to exhaust their administrative remedies.

3. *Validity of the lien.* The Luchinis next argue that liens cannot attach to after-acquired property, and that even if they can, the lien at issue expired by statute before the Milford property was deeded to Charles.[2] These are questions of law, which we review de novo. See *Cronin* v. *Tewksbury*, 401 Mass. 537, 540 (1988). We disagree with both propositions.

---

[2]The Luchinis also argue that the lien did not attach because Charles did not know that he had an interest in the Milford parcel when it was deeded to him. The Luchinis provide no legal support for this claim, and we do not address it. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

General Laws c. 62C, § 50 (*a*), states:

> "If any person liable to pay any tax neglects or refuses
> to pay the same after demand, the amount, including any
> interest, additional amount, addition to tax, assessable
> penalty or forfeiture, together with any costs that may ac-
> crue in addition thereto, shall be a lien in favor of the
> commonwealth upon all property and rights to property,
> whether real or personal, belonging to such person. The
> lien shall arise at the time the assessment is made or
> deemed to be made and shall continue until the liability
> for the amount assessed or deemed to be assessed is
> satisfied. Said lien shall in any event terminate not later
> than six years from the date it was created."

Although a question of first impression in the Commonwealth,
the parallel language of the Federal tax lien statutes, 26 U.S.C.
§§ 6321, 6322 (1994), has long been construed to apply to
after-acquired property. See, e.g., *Glass City Bank* v. *United
States*, 326 U.S. 265 (1945); *Plymouth Sav. Bank* v. *United
States Internal Revenue Serv.*, 187 F.3d 203, 206 (1st Cir. 1999);
*Markham* v. *Fay*, 74 F.3d 1347, 1363-1364 (1st Cir. 1996)
("federal tax lien attaches to property and rights to property
that the taxpayer acquires at any time after assessment").

We find the Federal precedent persuasive. See *Wynn & Wynn,
P.C.* v. *Massachusetts Comm'n Against Discrimination*, 431
Mass. 655, 669-670 n.29 (2000) ("Though we are not bound by
Federal courts' interpretations of the similar Federal law, we
may look to Federal interpretation for guidance"). The statutory
language establishing that a lien "upon all property and rights
to property, whether real or personal, belonging to [the taxpayer]
. . . shall continue until the liability . . . is satisfied," G. L.
c. 62C, § 50 (*a*), indicates that "the lien applies to property
owned by the delinquent at any time during the life of the
lien." *Glass City Bank* v. *United States*, *supra* at 268. Therefore,
liens may attach to after-acquired property.

Finally, the Luchinis claim that the tax lien expired before
they acquired the Milford property. It did not. A lien "shall
arise at the time the assessment is made" and "shall . . .
terminate not later than six years from the date it was created."
G. L. c. 62C, § 50 (*a*). Assessment is made "when the return is

filed or required to be filed, whichever occurs later." G. L. c. 62C, § 26 (*a*). The Luchinis' returns were filed quite a bit later than required, making the date of assessment November, 1992. Therefore, the lien would not have terminated until November, 1998, several years after the property was deeded to Charles and his siblings, and seven months after April 1, 1998, the date on or about which Charles sold his interest in the Milford property. The judge did not err in ordering that the money held in escrow be released to the department as partial payment for the Luchinis' tax debt.

As for the remainder owed, G. L. c. 62C, § 65, provides that taxes shall be collected within six years after their assessment, but that "[w]hen any question relative to such taxes is pending before any agency or court at the end of such six-year period, the [C]ommissioner's right to collect any tax due shall continue until one year after the final determination of such question." The Luchinis began this action in March, 1998, and it was pending at the six-year period's end in November of that year. Therefore, the Commissioner's right to collect the remaining amount due shall continue until one year after the final determination of this case, which begins on the date this decision is released.

*Judgment affirmed.*

*Order releasing escrowed funds*
*to the department affirmed.*