DESMOND, J.
*202 In this interlocutory appeal from the order denying Frances Martinez-Cintron's (mother's) motion to dismiss her child's paternal grandmother's petition for grandparent visitation, we are faced with the question whether Blixt v. Blixt, 437 Mass. 649, 774 N.E.2d 1052 (2002), requires a judge to dismiss an inadequate petition for grandparent visitation pursuant to G. L. c. 119, § 39D. We conclude that it does and therefore reverse the order.
Background. We briefly summarize the facts found by the judge. The mother and James Taylor-Martinez (father) were divorced in December, 2016, pursuant to a judgment of divorce nisi, when their lone child was approximately six months old. The mother was awarded sole legal and physical custody of their child, and the father had supervised visitation. Shortly after the divorce nisi, the child's paternal grandmother, Maria Martinez *203 (grandmother), filed in the Probate and Family Court a petition for grandparent visitation supported by a handwritten affidavit. On that petition, the grandmother checked the box that indicates that she is not alleging that there is "a significant relationship between the grandparent(s) and the child(ren) but that nonetheless it is in the best interest of the minor child(ren) that petitioner(s) be granted visitation with the child(ren)." Her accompanying affidavit did not provide any support for the proposition that it would be in the child's best interest that she be granted visitation rights. Instead, the grandmother's affidavit merely states that she is the child's grandmother, that she and the father have only seen the child in the hospital after he was born, that she wants to "be able to see him on a weekly basis," and that the mother will not let her and the father see the child.
The mother initially did not oppose the grandmother's petition, stating that she (the mother) would allow the grandmother to visit the child so long as the visits took place in Winchendon, where the mother resides. After obtaining counsel, however, the mother moved for leave to file an *935 amended answer and subsequently moved to dismiss the grandmother's petition pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974). In denying the mother's motion to dismiss, the judge relied on the following passage from Blixt, 437 Mass. at 666, 774 N.E.2d 1052 :
"[b]efore a parent or parents are called upon to litigate fully a grandparent visitation complaint, with all the attendant stress and expense, the grandparent or grandparents should make an initial showing that satisfies a judge that the burden of proof, set forth above, can be met. To this end, any complaint filed under the statute should be detailed and verified or be accompanied by a detailed and verified affidavit setting out the factual basis relied on by the plaintiffs to justify relief. A complaint not so verified, or one accompanied by an inadequate affidavit, would be subject to dismissal (or summary judgment) on motion by the defendant or defendants." (Emphasis supplied by the judge.)
This passage, the judge reasoned, indicates that Blixt subjects the grandmother's inadequate petition to dismissal, but does not require it, and the judge, quoting Blixt, supra at 665 n.24, 774 N.E.2d 1052, therefore allowed the grandmother "the opportunity to produce evidence that circumstances are severe enough to warrant a court's review *204 of the parent's decision to deny visitation." The judge made further note of the mother's apparent willingness to maintain contact with the father's family, citing her original answer to the petition and her openness to the father's grandmother serving as one of the supervisors of the father's visitation.[1]
The mother petitioned for interlocutory relief in this court pursuant to G. L. c. 231, § 118, seeking review of the order denying her motion to dismiss. A single justice of this court ordered the judge to issue written findings and conclusions, yet lacked the authority to order the relief requested upon receipt of those written findings and conclusions. See Mass.R.A.P. 15(c), 365 Mass. 859 (1974). Instead, the single justice granted the mother leave to file an interlocutory appeal.
The question before us now is, in light of Blixt, whether a judge must allow a parent's motion to dismiss a grandparent's petition for visitation when the petition does not sufficiently allege why visitation is necessary to protect the child from significant harm. We conclude that Blixt does impose such a requirement, and consequently we reverse the order denying the motion to dismiss and order the petition dismissed.
Discussion. We review the order de novo. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676, 940 N.E.2d 413 (2011). To survive a rule 12(b)(6) motion to dismiss, a pleading must include "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, 888 N.E.2d 879 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Allegations, therefore, "must be enough to raise a right to relief *936 above the speculative level." Id. at 555, 127 S.Ct. 1955.
The Blixt court laid out the pleading requirements for a grandparent seeking visitation under G. L. c. 119, § 39D. Emphasizing the presumption that parents act in the best interest of their children, the court stated that grandparents must rebut that presumption by establishing that denying visitation is contrary to the *205 best interest of the child. Blixt, 437 Mass. at 658, 774 N.E.2d 1052. "More specifically, to succeed, the grandparents must allege and prove that the failure to grant visitation will cause the child significant harm by adversely affecting the child's health, safety, or welfare." Ibid. In situations like the one before us where a grandparent does not assert "a significant preexisting relationship" with the grandchild, "the grandparent must prove that visitation between grandparent and child is nevertheless necessary to protect the child from significant harm." Ibid.
We have already addressed the heightened pleading standard imposed by Blixt in Sher v. Desmond, 70 Mass. App. Ct. 270, 874 N.E.2d 408 (2007), a case decided prior to Iannacchino. In Sher, supra at 278-279, 874 N.E.2d 408, we noted that Blixt placed a higher burden on a grandparent seeking visitation than was required under the then-existing notice pleading standard. Accordingly, to survive a rule 12(b)(6) motion, a Blixt affidavit must contain "averments of significant harm that are (1) facially sufficient to rebut the presumption of parental fitness; (2) based on information and belief; and (3) made with particularity and indicating the source of the information." Sher, supra at 281, 874 N.E.2d 408.
We now take the opportunity to reemphasize the pleading requirements under Blixt, particularly with the benefit of guidance from Iannacchino. In the present case, the judge erred in her interpretation of Blixt, and we conclude that Blixt, when read in conjunction with the rule 12(b)(6) standard, required the judge to allow the mother's motion to dismiss. While we are sympathetic to the grandmother's efforts to establish a relationship with her grandchild, we are similarly mindful that, absent a showing to the contrary, we presume a fit parent will act in her child's best interest. "The liberty interest at issue in this case-the interest of parents in the care, custody, and control of their children-is perhaps the oldest of the fundamental liberty interests recognized by this Court." Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). See Adoption of Vito, 431 Mass. 550, 562-563, 728 N.E.2d 292 (2000) ; Blixt, supra ; Adoption of Ilona, 459 Mass. 53, 64-65, 944 N.E.2d 115 (2011). With that presumption in mind, we further emphasize the need to protect parents from unnecessary litigation and "all the attendant stress and expense" that comes with it. Blixt, supra at 666, 774 N.E.2d 1052. Without proper cause, a parent's ability to make choices for her children is not to be intruded on.
We consider the pleading requirements presented in Blixt to be clear: "any complaint filed under the statute should be detailed and verified or be accompanied by a detailed *206 and verified affidavit setting out the factual basis relied on by the plaintiffs to justify relief." Ibid. In denying the motion to dismiss, the judge noted that "the Court is unable to determine with certainty that the Grandmother is entitled to no relief under any state of facts which could be proved in support of the claim." While we understand the judge's emphasis on the court's use in Blixt of the word "should," which has long been recognized to mean recommended rather than mandatory, we consider her decision to be in conflict with the directive *937 of Blixt. See Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 207, 581 N.E.2d 475 (1991) ("the word 'should' ... is merely advisory rather than mandatory language"). Absent some extreme circumstance, the proper consideration is whether the grandmother made adequate factual allegations to plausibly suggest, beyond mere speculation, "that visitation between grandparent and child is ... necessary to protect the child from significant harm." Blixt, supra at 658, 774 N.E.2d 1052. The grandmother's affidavit in no way indicated that a failure to order visitation would subject the child to any harm, much less significant harm.
Conclusion. The order denying the mother's motion to dismiss is reversed, and the petition shall be dismissed, with prejudice.
So ordered.

The judge's reasoning is as follows:
"In light of the Mother's initial Answer wherein she stated she 'will allow grandparent's visitation' under the reasonable condition that the visits take place in Winchendon, coupled with the Mother's request at the time of the divorce hearing that paternal great-grandmother act as one of two supervisors during the Father's parenting time, the Court finds that a pre-trial conference is necessary [i]n order to afford the Grandmother reasonable time to produce evidence that grandparent visitation is in the child's best interests, pursuant to the requirements set out in the Blixt case."