NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-238
24-P-248

WHITTON E. NORRIS, THIRD

vs.

JULIE A. NORRIS (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

These related appeals arise from a judgment ordering the plaintiff father to pay postminority child support (2018 judgment).  After his second appeal arising from the 2018 judgment, a panel of this court remanded for further findings. See Norris v. Norris, 99 Mass. App. Ct. 1129, slip op. at 4-5 (2021) (Norris II).  Following that remand, a judge of the Probate and Family Court issued a corrected further judgment (dated September 26, 2023) (2023 judgment), from which the father now appeals.  The father also appeals the sua sponte dismissal of his related complaint against the Massachusetts

_____

[1] Whitton E. Norris, Third vs. Department of Revenue, Child Support Enforcement Division.

Department of Revenue (DOR), by which he sought to enjoin DOR's collection of postminority child support and to be reimbursed for alleged overpayments. We affirm the judgment dismissing the DOR matter in its entirety and the 2023 judgment in part, like the panel before us, and we remand Norris v. Norris for findings with respect to the calculation of the postminority child support and arrearage.

1. Postminority support. The father first maintains that the Probate and Family court did not have jurisdiction to order postminority child support. This claim was addressed and rejected by the panel in Norris II, which reasoned that "the father has given us no reason to conclude that the judge erred in making an equitable award of postminority child support" and "the judge amply explained his rationale in a detailed decision that reflected a clear and correct understanding of the legal principles and constraints involved in the award of postminority child support." Norris II, No. 20-P-984, slip op. at 3, citing Eccleston v. Bankosky, 438 Mass. 428 (2003) and related cases.

"An issue once decided, should not be reopened unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice" (quotations and citations omitted). King v. Driscoll, 424 Mass. 1, 8 (1996).

2

None of those circumstances are present here; it remains "clear from the judge's decision . . . that the child is 'incapacitated,' consistent with the statutory scheme for guardianship, and for an equitable award of postminority support under Vaida v. Vaida, 86 Mass. App. Ct. 601 (2014)." Norris II, No. 20-P-984, slip op. at 2 n.6.

The father also contends that the corrected 2023 judgment did not provide an adequate explanation for the amount of postminority support. We agree. The order must be "reasonable in light of all the circumstances, including the child's needs and the divorced father's ability to pay." Feinberg v. Diamant, 378 Mass. 131, 136 (1979).

The prior panel remanded because, in the 2018 judgment, the "judge did not explain how he arrived at the monthly payment amount . . . except to say that it was a continuation of the amount previously awarded . . . which in turn was based on an agreement between the parties." Norris II, No. 20-P-984, slip op. at 3. The panel noted that the decision did not "indicate why the amount awarded in 2012 (when at least one, and perhaps even both, of the children was emancipated) remained the appropriate amount in 2018." Id. Following remand, the corrected 2023 judgment reasoned only that the Massachusetts Child Support guidelines calculated the father's obligation "at an amount equal to or greater than his current obligation of

3

$1,022/month," the father can pay that amount, and there was "no change in circumstances" that would warrant a change from the 2012 amount.  This reasoning was not adequate to respond to the order of the prior panel; it improperly applied a standard for post-divorce modifications (court finding of "a material and substantial change in the circumstances of the parties," G. L. c. 208, § 28) to explain the postminority payment obligation and did not clarify why, as an equitable award under G. L. c. 215, § 6, that amount was appropriate to meet the child's needs.  See Feinberg, 378 Mass. at 136-137.  Accordingly, we must remand for further proceedings to establish the amount of postminority child support, why the amount is reasonable in light of all the circumstances, and any arrearage related to it.

2.  The DOR complaint.  We review the dismissal of a complaint de novo, accepting the plaintiff's well-pleaded factual allegations as true and considering whether they "raise a right to relief above the speculative level" (citation omitted).  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  "[A] pleading must include 'factual allegations plausibly suggesting (not merely consistent with) an entitlement to relief.'"  Martinez v. Martinez-Cintron, 93 Mass. App. Ct. 202, 204 (2018), quoting Iannacchino, supra.  "[W]e can affirm the judgment on any grounds fairly addressed by the record."

Marculetiu v. Safety Ins. Co., 98 Mass. App. Ct. 553, 562
(2020).

a. Count I. The father sought a declaratory judgment
terminating the existing income withholding orders (IWO)
because, he asserted, he had satisfied all unpaid child support
arrears under G. L. c. 208, § 28. As support for this claim,
the father cited an April 2021 document notifying the father's
employer that it was no longer obligated to withhold his income.

Although we are skeptical that the allegations were
sufficient to support the father's claim, we need not analyze
that question because the father's contention is procedurally
barred.[2] Before seeking judicial relief, he was required to
exhaust his administrative remedies with the DOR. See Buffalo-
Water 1, LLC v. Fidelity Real Estate Co., LLC, 481 Mass. 13, 18
n.8 (2018) ("[w]here the relief sought through a declaratory
judgment claim involves administrative action, we further
require the plaintiff to show that all available administrative

_____

[2] In October 2017, the father admitted to not having made
child support payments after the 2015 judgment, at which point
he was $28,308.16 in arrears. At the time of the 2018 judgment,
his existing child support arrears totaled $39,566.16 (less any
amount paid between February 2015 and January 2017). Other than
the termination form, we find no support in the record for his
claim that those arrears are "fully repaid." Although a
complaint need not provide "detailed factual allegations," it
must offer more than mere "labels and conclusions."
Iannacchino, 451 Mass. at 636. "[B]are assertion[s]" will not
suffice. Id. at 632-633. Standing alone, the termination order
was insufficient to meet this standard.

5

remedies have been exhausted"); Luchini v. Commissioner of Revenue, 436 Mass. 403, 404-405 (2002) ("As a general rule, we require parties to exhaust their administrative remedies prior to seeking judicial relief"). "The doctrine of exhaustion of administrative remedies is one of deference to the Legislature where it has expressed its intent that a particular question be determined in the first instance by an administrative agency. Exceptions are rare." Athol Memorial Hosp. v. Commissioner of the Div. of Med. Assistance, 437 Mass. 417, 426 (2002).

The Legislature expressed such an intent here. Under G. L. c. 119A, § 17, the DOR "shall conduct the review and render a written decision" when a person requests administrative review for "disputes concerning the collection and disbursement of child support." A person may seek judicial review of the agency's decision "upon exhaustion of the procedures for administrative review." G. L. c. 119A, § 17. Further, "[a]ny person aggrieved by a determination of the [DOR]" regarding the collection of child support arrearage "may, upon exhaustion of the procedures for administrative review provided in section 17, seek judicial review within 45 days in the court where the order or judgment was issued or registered." G. L. c. 119A, § 6 (c).

In Count I, the father disputed the DOR's ongoing collection of child support arrears. The father should have raised this claim with the agency in the first instance. G. L.

6

c. 119A, §§ 6, 17.  Because it is apparent on the record that the father did not seek administrative review of these issues before filing suit, dismissal of this count was proper.  See Gabbidon v. King, 414 Mass. 685, 686 (1993).

b.  Count II.  The judge also properly dismissed as moot Count II, by which the father sought to enjoin the DOR from collecting child support pending the decision of the Probate Court following Norris II.  A case becomes moot when "no actual controversy remains, or the party claiming to be aggrieved 'ceases to have a personal stake in its outcome.'"  DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 190 (2023), quoting Seney v. Morhy, 467 Mass. 58, 61 (2014).  "A party no longer has a personal stake in a case 'where a court can order no further effective relief.'"  Lynn v. Murrell, 489 Mass. 579, 582 (2022), quoting Branch v. Commonwealth Employment Relations Bd., 481 Mass 810, 817 (2019).  Because the Probate and Family Court judge issued a further judgment while the DOR case was pending, the father's claim became moot.  See Lynn, 489 Mass. at 583.

c.  Count III.  The father also sought repayment of funds collected by the DOR for postminority support, claiming that the department unlawfully garnished his wages after the decision in Norris II.  As discussed above, the order for postminority child support was proper.  In Norris II the panel did not "suggest

7

that the amount of the postminority child support award [was] incorrect, simply that it [was] unexplained" and ordered the father to "continue to make postminority child support and arrearage payments as ordered in the January 12, 2018 judgment." Norris II, No. 20-P-984, slip op. at 3-4.  The DOR collected these funds pursuant to a lawful support order; therefore, the judge properly dismissed this count for failure to state a claim upon which relief can be granted.[3]  Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).

3. Conclusion.  We vacate so much of the September 26, 2023, judgment as awards $1,022 in ongoing postminority child support, including the portion of arrearage that depends on that figure, and remand for further findings.  The father shall continue to make postminority child support and arrearage payments as ordered in the 2018 judgment until a new judgment enters in the trial court.  In all other respects, the 2023

---

[3] To the extent that this claim challenged the agency's authority to collect postminority support under G. L. c. 119A, the plaintiff should have raised it with the agency before requesting judicial review.  See Hingham v. Department of Hous. & Community Dev., 451 Mass. 501, 509 (2008), quoting Gill v. Board of Registration of Psychologists, 399 Mass. 724, 727 (1987) ("allowing the administrative process to run its course . . . gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme").

judgment is affirmed.  Likewise, the judgment dismissing the father's claims against the DOR is affirmed.

So ordered.

By the Court (Massing, Hershfang & Tan, JJ.[4]),

Clerk

Entered:  May 29, 2025.

---

[4] The panelists are listed in order of seniority.