382                                                  421 Mass. 382

Kelleher *v.* Personnel Administrator of the Department of Personnel Administration.

Kevin W. Kelleher *vs.* Personnel Administrator of
the Department of Personnel Administration
& another.[1]

Middlesex. October 5, 1995. - November 16, 1995.

Present: Wilkins, Lynch, Greaney, & Fried, JJ.

*Administrative Law*, Exhaustion of remedies. *Civil Service*, Decision of
Civil Service Commission, Judicial review, Eligibility list, Fire fighters,
Provisional promotion. *Due Process of Law*, Employment.

General Laws c. 31, § 15, governing provisional promotions under civil
service, allows the appointing authority to make a provisional promo-
tion to the next higher grade, where there is only a short list of eligible
persons, without submitting to the personnel administrator "sound and
sufficient reasons" for not making a permanent promotion from that list
[385-388], and further, the personnel administrator may not require
such a submission before granting approval of such a provisional pro-
motion [388-389].

A civil service employee had no property interest in a civil service position
merely because his name appeared on a civil service eligible list, and his
claim of deprivation of "due process rights" beyond the operation of the
civil service statutes was without merit. [389]

Civil action commenced in the Superior Court Depart-
ment on September 28, 1994.

The case was heard by *Peter M. Lauriat*, J., on a state-
ment of agreed facts.

The Supreme Judicial Court granted an application for di-
rect appellate review.

*Susan M. Callahan* for the plaintiff.

*William Appel* for Personnel Administrator of the Depart-
ment of Personnel Administration.

---

[1]The mayor of Somerville, appointing authority of the city of Somerville.

*John M. Carey* (*Catherine S. Reidy* with him) for the Mayor of Somerville.

FRIED, J. This case requires us to construe the Commonwealth's civil service law as it defines the level of scrutiny that should be employed by the personnel administrator (administrator) of the Department of Personnel Administration (department) in approving certain provisional promotions. The chief engineer's post in the Somerville fire department having fallen vacant, the mayor of Somerville, the appointing authority here, provisionally promoted Deputy Fire Chief John Gover to the position of acting chief engineer. To this the plaintiff, Kevin W. Kelleher, a candidate for the position, objected.

Kelleher joined the Somerville fire department in 1977 and currently holds the rank of deputy fire chief. In 1990, Kelleher and another individual took the civil service promotional examination for the position of chief engineer, the next higher grade above deputy chief. Kelleher attained the higher score, but the two-person list expired without a vacancy. In 1992, Kelleher took the examination again, but this time he took it alone. He scored a ninety-one and secured his place as the only person on the 1992 list. In 1993, the mayor called for another examination. The position of chief engineer became vacant with the incumbent's retirement on January 6, 1994, and the next day the mayor provisionally appointed Deputy Fire Chief John Gover to acting chief engineer. In March, an examination was held for the post, but once again only two persons competed. Although Kelleher attained the higher score, the establishment of this list has been enjoined by the Superior Court until the present action is finally resolved.[2] Thus, on each occasion, Kelleher's name topped a list with fewer than three names (a short list).

In August, the mayor requested the administrator's approval for Gover's appointment as a provisional promotion

[2]Kelleher had filed and withdrawn an appeal to the Civil Service Commission (commission) regarding Gover's promotion to acting chief engineer prior to commencing this action in the Superior Court. See G. L. c. 31, § 2 (*b*) (1994 ed.).

pursuant to G. L. c. 31, § 15 (1994 ed.). Following an exchange of letters, the administrator refused to grant approval unless the mayor provided "sound and sufficient" reasons for not promoting someone from the 1992 list. This the mayor declined to do. It is the mayor's position that § 15 no longer requires him to include a statement of sound and sufficient reasons with a request for approval of a provisional promotion such as this one.

Kelleher brought this action in the Superior Court to enjoin the mayor and the department from taking further steps to make an appointment, provisional or permanent, of anyone other than Kelleher. After issuing a temporary injunction to maintain the status quo pending resolution of the dispute, the Superior Court judge, in a comprehensive and carefully reasoned opinion, denied Kelleher the relief he sought. The judge concluded that, where there is only a short list of eligible persons, G. L. c. 31, § 15, allows the appointing authority to make a provisional promotion to the next higher grade without offering "sound and sufficient reasons" for not making a permanent promotion from that list. Kelleher appealed from this decision. We granted the plaintiff's application for direct appellate review and now affirm.

A. *Exhaustion of administrative remedies.* As a general rule, a plaintiff must exhaust all administrative remedies prior to seeking an injunction or declaratory relief. See *Space Bldg. Corp.* v. *Commissioner of Revenue,* 413 Mass. 445, 448 (1992); *Villages Dev. Co.* v. *Secretary of the Executive Office of Envtl. Affairs,* 410 Mass. 100, 106 (1991); *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination,* 364 Mass. 444, 450 (1973); *Reidy* v. *Acting Director of Civil Serv.,* 354 Mass. 760 (1968). The Legislature has given the Civil Service Commission (commission) the power and duty "[t]o hear and decide appeals by a person aggrieved by any decision, action, or failure to act by the administrator." G. L. c. 31, § 2 (*b*) (1994 ed.). The Legislature has also provided that "[a]ny party aggrieved by a final order or decision of the commission following a hearing . . . may institute proceedings for judicial review in the superior

421 Mass. 382                                                    385

Kelleher *v.* Personnel Administrator of the Department of Personnel Administration.

court . . . ." G. L. c. 31, § 44 (1994 ed.). We may, however, excuse the failure to exhaust administrative remedies if the case presents a purely legal question of wide public significance. See *Space Bldg. Corp.* v. *Commissioner of Revenue*, 413 Mass. 445, 448-449 (1992). This is such a case.

B. *The requirements of G. L. c. 31.* General Laws c. 31, § 15, does not explicitly mandate that the appointing authority submit "sound and sufficient reasons" when making a provisional promotion of a person whose name does not appear on a list of eligible candidates if the only such list is a short list. We are asked to determine whether the statute should be construed to require such a submission, and, if not, whether the administrator may nevertheless choose to require such a submission. We hold that the statute neither (1) compels nor (2) permits such a requirement by the administrator.

1. General Laws c. 31, § 15, provides that "[a]n appointing authority may, *with the approval of the administrator* . . . make a provisional promotion of a civil service employee in one title to the next higher title in the same departmental unit . . . if the [eligible] list contains the names of less than three persons eligible for and willing to accept employment . . . . No provisional promotion shall be continued after a certification by the administrator of the names of three persons eligible for and willing to accept a promotion to such position." (Emphasis added.)

Kelleher argues that, because earlier versions of G. L. c. 31, § 15, required "sound and sufficient" reasons for provisional promotions, the omission from the current version "is more likely a legislative oversight." Our examination of the former and current versions of the statute do not lead us to this conclusion. The former version, codified at G. L. c. 31, § 15G, as appearing in St. 1994, c. 835, § 89, provided that neither provisional promotions nor provisional appointments could be authorized unless the appointing authority interviewed the candidates and provided "sound and sufficient reasons, satisfactory to the administrator, why the certification of less than three names was not adequate to make a proper selection." In the current recodification, the Legisla-

ture makes a distinction between provisional promotions and provisional appointments by dividing them into separate sections. Appointments and promotions go forward in different circumstances and with different requirements for approval.

General Laws c. 31, § 12, governing provisional *appointments* of persons from outside the departmental unit, permits such appointments, with the authorization of the administrator, if: (a) no suitable eligible list exists; or (b) (i) the list contains less than three names, (ii) the appointing authority interviews each listed person and (iii) the appointing authority provides "sound and sufficient reasons, satisfactory to the administrator" why none was selected.

General Laws c. 31, § 15, governing provisional *promotions*, permits a provisional promotion from the next lower title within the departmental unit, with the approval of the administrator, if: (a) there is no suitable eligible list; (b) the list contains less than three names (short list); or (c) the list consists of persons seeking an original appointment, and the appointing authority requests that the position be filled by a departmental promotion.

In addition, the appointing authority may make a provisional promotion skipping one or more grades in the departmental unit, provided that he submits sound and sufficient reasons.

General Laws c. 31 imposes on the appointing authority an obligation to offer "sound and sufficient reasons" in only one other place: § 35 provides that, where an appointing authority seeks to transfer a tenured employee, the appointing authority must submit sound and sufficient reasons to show that the transfer serves the public good without imposing unreasonable hardship on the employee.

Thus, eliminating the "sound and sufficient" reasons requirement with regard to provisional promotions that do not skip a grade does not appear to be a legislative oversight. The move to separate treatment of provisional appointments and provisional promotions, and the distinction between provisional promotions of one and more than one grade are strong indications that the variations in standard were not

inadvertent. Furthermore, the approval requirement is sufficiently substantial that we need not, to make it meaningful, obliterate the distinction between that requirement and the textually more stringent requirement mandating submission of sound and sufficient reasons.

On the premise that the purpose of the statutory scheme is to assure the competence of the civil service and to guard against favoritism and bias, the different approval requirements may quite sensibly be taken to distinguish between the levels of scrutiny by the administrator appropriate to each occasion. "Provisional appointment" is not synonymous with, and does not include, "provisional promotion." See *MacCarthy v. Director of Civil Serv.*, 319 Mass. 124, 127 (1946). An initial appointment introduces a person to the department or unit and may be the first step in that person's career in the unit. The Legislature may have concluded that, if opportunities are to be kept open to merit, it is particularly important that initial hiring be done so far as possible on an objective and competitive basis. The claim that there is no time for a competitive process or that the process has produced too few names must be scrutinized with particular care when people receive an initial appointment and so are allowed to get a foot in the door, even on a provisional basis.

Where a vacancy is filled provisionally by promotion, there is a greater assurance that the person chosen will have demonstrated some competence and familiarity with the duties of the office. This presumption is less plausible if the provisional promotion skips one or more grades; and that may be why the administrator is given a greater degree of supervision in such cases.

To be sure, Kelleher and the administrator have offered strong policy reasons why all provisional promotions should receive the same high level of scrutiny by the administrator.[3] The Superior Court judge noted some of these arguments.

[3]The administrator did not file a brief with this court (Mass. R.A.P. 16 [b], as appearing in 411 Mass. 1601 [1992]), but counsel did appear and the court in its discretion permitted him to argue.

We refer to the differences between these kinds of provisional personnel actions only to show that the distinction in treatment is not so arbitrary and inexplicable as to suggest that the divergence in the language of §§ 12 and 15 was inadvertent.

2. In the alternative, Kelleher argues that the administrator may choose to call for sound and sufficient reasons even if the statute does not require him to do so. The administrator has the authority, in the absence of some statutory limitation, to employ all ordinary means reasonably necessary to perform his approval duties faithfully. See *Town Taxi Inc.* v. *Police Comm'r of Boston*, 377 Mass. 576, 586 (1979); *Bureau of Old Age Assistance of Natick* v. *Commissioner of Pub. Welfare*, 326 Mass. 121, 124 (1950).[4] Requiring the appointing authority to provide sound and sufficient reasons for not making a provisional promotion from the eligible list is not, however, reasonably necessary.[5]

That the administrator may not call for sound and sufficient reasons does not, as Kelleher argues in his brief, either endow the appointing authority with "unbridled discretion" to make provisional promotions, or render the administrator's approval a merely ministerial function. We recognize that an important objective of the civil service system is "assuring that all employees are . . . protected from arbitrary and capricious actions," G. L. c. 31, § 1, fourth par. (*f*), and that the administrator has a substantial role to this end. The administrator can perform his important and substantive function faithfully by ensuring that: (a) the statutory administrative requirements are met (i.e., there is no eligible list or the eligible list is a short list, and the promotion is from the next lower grade), and (b) the candidate possesses adequate qualifications. The Superior Court judge correctly noted that,

---

[4] Whatever interpretive authority the administrator may enjoy, it is clearly subordinate to that of the commission. G. L. c. 31, § 2 (*b*).

[5] This position is further supported by dictum in a 1991 decision by the commission which states that "[i]t is noteworthy that §15 does not require sound and sufficient reasons for rejecting candidates on a so-called 'short list.'" Adam Kulesza, Civil Service Appeal No. G-1907, at 3.

as the mayor submits, the administrator may "withhold [his] approval if it is shown that a candidate's record is questionable."

While we are aware that G. L. c. 31, § 15, may provide a route for appointing authorities to bypass better qualified, short list candidates, we must honor the clear legislative intent to allow such a procedure for provisional promotions. We note further that a provisional promotion is after all only provisional. The statute provides that, "[n]o provisional promotion shall be continued after a certification by the administrator of the names of three persons eligible for and willing to accept promotion to such position." G. L. c. 31, § 15. Kelleher argues that this statute is defective in that a promotion which is provisional in form may be permanent in fact. If this is a defect, it is a defect for the Legislature to address.

C. *Due process.* Kelleher also makes the claim that allowing the appointing authority to disregard his presence on a short list of eligible persons without offering sound and sufficient reasons deprives him of "due process rights" to fair consideration — whether under the Constitution of the United States or the Commonwealth he does not specify. He urges expectations built on his years of service in the Somerville fire department and his investment of time and effort in taking the civil service examination three times, with no candidate scoring higher than him on any occasion. This argument is without merit. Kelleher concedes that he has no property interest in the chief engineer position merely because his name appears on a civil service eligible list. Therefore, in the absence of some other constitutional claim of right, see, e.g., *Rutan* v. *Republican Party of Ill.*, 497 U.S. 62 (1990) (public employees' right under the First Amendment to the United States Constitution to have promotion decision made without consideration of political affiliation or support), whatever rights and expectations Kelleher may have here depend on the civil service statutes and, if they cannot fairly be interpreted to entitle him to more consideration than he has received, that is the end of the matter.

The judgment of the Superior Court is affirmed.

*So ordered.*