McEvoy, J.
Plaintiff, Town of Shrewsbury, filed this action seeking a stay of arbitration pursuant to G.L.c. 150C, §2(b). Defendants filed a motion to dismiss, which was denied by the Court (Fecteau, J.) on June 26, 1997. Both the Plaintiff and the Defendant filed Cross Motions for Summary Judgment. A hearing was held before this Court on the motions on April 22, 1998. For the following reasons, plaintiffs motion is ALLOWED, and defendants’ motion is DENIED.
BACKGROUND
The following facts are undisputed. The Town of Shrewsbury (“the Town”) is a municipal corporation and was the employer under a collective bargaining agreement entered into for the period July 1, 1994 through June 30, 1996 with defendant American Federation of State, County and Municipal Employees (“AFSCME”), AFL-CIO, State Council 93, Local #1708. During this time, defendant Richard Laramee (“Laramee”) was employed by the Town as a building maintenance craftsman in the Public Buildings Department. Laramee was a provisional civil service employee.[1] Laramee was discharged from his employment with Town on January 2, 1996. He appealed his discharge to the Town Manager, which is the appointing authority in the Town. After a hearing, Laramee’s appeal was denied. Laramee was ineligible for an appeal to the Civil Service Commission.[2]
On March 5, 1996, Laramee and the Union filed a demand for arbitration with the AAA alleging that Laramee was terminated without just cause. On March 21, 1996, the Town objected to the submission of the matter to arbitration. The Town’s objection was based upon Article 24G of the collective bargaining agreement (set forth infra). The AAA advised the parties in a letter dated May 16, 1996 that the arbitration would continue unless “enjoined by a court of proper jurisdiction.” Thereafter, on September 17, 1996, the Town filed the instant complaint.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196 (1995). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
The dispute between the parties to this case is whether Laramee, as a provisional employee, is entitled to arbitrate his termination before the AAA. More particularly, whether Laramee is an employee covered by civil service laws and thus, is precluded from arbitration by the collective bargaining agreement.
Article 24A of the parties’ collective bargaining agreement provides four steps for resolving grievances or disputes that involve employee wages, hours and other conditions of employment, including the application, meaning or interpretation of the agreement. Step 4 provides that if the grievance is not resolved in steps 1-3, an employee may within thirty days submit the matter to arbitration with the American Arbitration Association. Article 24G contains a provision that excludes certain matters from the grievance procedure. It states: *544 anee procedure. Said civil service laws, rules, and regulations shall remain paramount, and no action taken by the parties under this grievance procedure, whether by mutual consent or otherwise, shall be permitted to abrogate or supersede the right of either party to seek full application of said civil service laws, rules, and regulations; provided, however, that nothing herein shall over-ride the provisions of Massachusetts G.L.c. 150E, §8.
*543 [a]ll matters covered by civil service laws, rules and regulations shall be outside the scope of this griev-
*544 1. Agreement to Arbitrate
The Town argues that, under G.L.c. 150C, §2{b), the Superior Court should permanently stay the arbitration on the ground that the AAA does not have jurisdiction to arbitrate Laramee’s claim because it is outside the scope of the collective bargaining agreement. G.L.c. 150C, §2(b) provides in relevant part:
Upon application, the superior court may stay an arbitration proceeding commenced or threatened if it finds (1) that there is no agreement to arbitrate, or (2) that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration and disputes concerning the interpretation or application of the arbitration provision are not themselves made subject to arbitration.
The Town argues that there is no agreement to arbitrate Laramee’s dismissal because Laramee is a provisional employee covered by G.L.c. 31, §43 and is, therefore, precluded by Section 24G of the collective bargaining agreement.
Defendants argue that the “just cause" protection and appeal process contained in G.L.c. 31, §43 applies only to tenured employees, and because Laramee is a provisional employee who is not entitled to protection given to a tenured employee, his discharge is not covered by civil service laws. Defendants make a fatal leap of logic in arguing that because Laramee is not entitled to all the protection of a tenured employee, he is not covered by civil service laws. Provisional appointment of public employees is dealt with extensively in G.L.c. 31, §12etseq. Simply because Laramee is entitled to less protection under the civil service laws than a tenured employee does not mean that he is not at all covered.
This case does not require binding arbitration because matters having to do with the termination of provisional employees are outside the scope of the collective bargaining agreement. The civil services laws are directly on point, and therefore, the terms of the collective bargaining agreement, which direct that all matters covered by civil service laws are outside the scope of the grievance procedure, control. Laramee, as a provisional employee, has had all the process to which he is entitled in his hearing before the Town Manager. Kelleher v. Personnel Administrator of the Dept. of Personnel Administration, 421 Mass. 382, 389 (1995) (civil service employee has no property interest in civil service position and “whatever rights and expectations [employee] may have . . . depend on the civil service statutes and, if they cannot be fairly interpreted to entitle him to more consideration than he has received, that is the end of the matter”); Fontana v. Commissioner of Metropolitan Dist. Com’n, 34 Mass.App.Ct. 63 (1993) (disciplinary discharge procedure does not convert provisional employee’s interest in his or her employment into a constitutionally protected property interest).
2. G.L.c. 150E, §8
Defendants argue, in the alternative, that even if Laramee is an employee covered by civil service laws and, therefore, there can be no agreement to arbitrate under the collective bargaining agreement, the public policy expressed in Chapter 150E allows Laramee to proceed to arbitration, notwithstanding the limitation of protections to a hearing before the appointing authority. As support for their position that Laramee may go forward, defendants argue that the dispute over whether there is an agreement to arbitrate Laramee’s claim is a dispute concerning the interpretation of the collective bargaining agreement, which in turn should provide a basis for arbitration.
Section 8 of Chapter 150E provides in pertinent part:
The parties may include in any written agreement a grievance procedure culminating in final and binding arbitration to be invoked in the event of any dispute concerning the interpretation or application of such written agreement. In the absence of such grievance procedure, binding arbitration may be ordered by the commission upon the request of either party; . . .
The collective bargaining agreement in this case does provide for arbitration in the event of a dispute concerning the application and interpretation of the agreement. Under Section 8, a party may only request that the commission order binding arbitration in the event that the collective bargaining agreement does not contain such a provision. Nothing in this section authorizes any party to side step the provisions of G.L.c. 31, §43.[3] Accordingly, the Town of Shrewsbury is entitled to judgment as a matter of law.
ORDER
For the foregoing reason, it is hereby ORDERED that the Town of Shrewsbury's Motion for Summary Judgment is ALLOWED, and defendants AFSCME, Counsel 93 (Local 1780), American Arbitration Association and Richard Laramee’s Motion for Summary Judgment is DENIED.

 A provisional employee is “a person who is employed in a civil service position, pursuant to and in accordance with Sections twelve, thirteen and fourteen” of Chapter 31. G.L.c. 31, §1. A provisional employee is one who fills a civil service position where no one who has taken an examination is available for appointment. Provisional employees do not gain tenure and they may not retain their jobs after an eligible list is established as a result of an examination. G.L.c. 31, §12.

 Plaintiff asserted in its Complaint that Laramee was ineligible for an appeal to the Civil Service Commission and defendants admitted to the assertion in their Answer.

 As an additional matter, the Court notes that G.L.c. 31, §43 only provides a provisional employee a hearing before the appointing authority in the event that he or she has been “discharged as a result of allegations relative to his personal character or work performance and if the reason for such discharge is to become part of his employment record.” In such a situation, a provisional employee is entitled to an informal hearing before his appointing authority. G.L.c. 31, §43. It appears, therefore, that Laramee received more process than he was due.