451 Mass. 501 (2008)                                        501

Town of Hingham *v.* Department of Housing and Community Development.

Town of Hingham & another[1] *vs.* Department of Housing and Community Development.

Plymouth. February 4, 2008. - May 27, 2008.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Cordy, & Botsford, JJ.

*Housing. Zoning,* Low and moderate income housing, Comprehensive permit, Housing appeals committee. *Declaratory Relief. Administrative Law,* Exhaustion of remedies.

Discussion of the Comprehensive Permit Act, G. L. c. 40B, §§ 20-23. [502-504]
A Superior Court judge properly dismissed as premature a civil action brought pursuant to G. L. c. 231A by a town challenging a conclusion of the Department of Housing and Community Development (department), stated in a letter to the town, that certain housing units in a proposed retirement community could not be counted toward the town's subsidized housing inventory, where there was no final or formal action by the department giving rise to an actual controversy [505-507], and where the town failed to exhaust its administrative remedy, which would have entailed waiting until a decision by the town's zoning board of appeals to deny a comprehensive permit to the developer of the retirement community was appealed by the developer that applied for the permit, a requirement supported by sound policy [507-509], from which an exception was not warranted [509-510]; further, the judge's ruling gave effect to the "streamlining" requirement of G. L. c. 40B [510].

Civil action commenced in the Superior Court Department on August 9, 2006.

A motion to dismiss was heard by *Frances A. McIntyre,* J., and entry of judgment was ordered by her.

The Supreme Judicial Court granted an application for direct appellate review.

*James A. Toomey* (*Stacey G. Bloom* with him) for the plaintiffs.

*Sookyoung Shin,* Assistant Attorney General, for the defendant.

Ireland, J. In August, 2006, the town of Hingham and the zoning board of appeals of Hingham (collectively town) filed a complaint seeking a declaratory judgment (G. L. c. 231A) and a

[1]The zoning board of appeals of Hingham.

502                        451 Mass. 501 (2008)

Town of Hingham *v.* Department of Housing and Community Development.

writ of mandamus (G. L. c. 249, § 5) against the defendant, the Department of Housing and Community Development (department). The town challenged the department's conclusion that only twenty-five per cent of the units in a residential building project the board approved would be counted toward the town's subsidized housing inventory (SHI). The department filed a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), for lack of subject matter jurisdiction. After a hearing, a Superior Court judge issued a memorandum of decision and order allowing the department's motion to dismiss. The town appealed, claiming that the judge erred in concluding that no controversy existed between the town and the department; in determining that there was no final act by the department and that the town had failed to exhaust its administrative remedies; and in not giving effect to the "streamlining" requirement of G. L. c. 40B.[2] We granted the town's application for direct appellate review. Because we conclude that no final administrative action has been taken by the department, and that the town has failed to exhaust its administrative remedies, we affirm the Superior Court's judgment of dismissal for lack of subject matter jurisdiction.

*Statutory and regulatory scheme.* The Comprehensive Permit Act, G. L. c. 40B, §§ 20-23 (Act), was designed to facilitate the construction of low or moderate income housing[3] by removing local exclusionary zoning practices that would thwart their development. *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apartments Ltd. Partnership*, 436 Mass. 811, 814 (2002).

A key aspect of the Act's framework is the requirement that each municipality devote ten per cent of its housing units to low or moderate income housing. See G. L. c. 40B, § 20; *Taylor* v.

---

[2]The town also argues that "declaratory judgment is appropriate because there is an actual controversy between [the town] and [the department] regarding [the department's] failure to adhere to its guidelines." Given the procedural posture of this case, we need not address this claim because it hinges on the merits of the town's assertion that the SHI calculation is incorrect, which is not before this court.

[3]General Laws c. 40B, § 20, defines the term "[l]ow or moderate income housing" as "any housing subsidized by the federal or state government under any program to assist the construction of low or moderate income housing as defined in the applicable federal or state statute, whether built or operated by any public agency or any nonprofit or limited dividend organization."

*Housing Appeals Comm., ante* 149, 151 (2008). In order to encourage and expedite the construction of such housing, the Act "streamlines" the permitting process by allowing a developer who wants to construct low or moderate income housing to file a single application for a comprehensive permit with the local zoning board of appeals rather than seeking separate approval from each local board having jurisdiction over the project. *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apartments Ltd. Partnership, supra* at 815. See *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. 20, 29 (2006). Municipalities may grant or deny such permits in light of their obligations under the Act to achieve the ten per cent statutory minimum. Although it is not clear in the record, statute, or regulations, it appears that the department is informed when a permit is granted.

The SHI, which is maintained by the department, is a tally of the number of low and moderate income housing in a locality of the Commonwealth. 760 Code Mass. Regs. § 31.04(1) (2004). It is updated biennially and is presumed to be accurate. *Id.* The department has promulgated standards to determine how low and moderate income units are counted in the SHI.[4] Important to this case is the fact that there are no statutory or regulatory provisions that allow a town separately to appeal to the Superior Court the department's calculation of the number of units that are included in a town's SHI. The Act does, however, allow a party whose permit was denied the opportunity to appeal from the local zoning board's decision to the department's housing appeals committee (HAC). G. L. c. 40B, § 22. A town may participate in that appeal. See 760 Code Mass. Regs. §§ 31.04(1)(a), 31.06(5) (2004).

Once a municipality has achieved the ten per cent statutory

---

[4]A housing development is eligible to be included on the SHI if "(1) the . . . Comprehensive Permit has become final pursuant to 760 [Code Mass. Regs. §] 31.08(4). However, if a year or more lapses [before the building permits are issued the units will not be counted in the inventory until the building permits are issued]. . . . (2) 25% or more of the units in the development are subject to long-term use restriction to be occupied by an income eligible household. (3) It is subject to an executed Regulatory Agreement between the developer and the subsidizing agency unless the subsidy program does not require such an agreement. (4) It is subject to an Affirmative Fair Marketing Plan . . . ." Eligibility Summary — Chapter 40B Subsidized Housing Inventory (Aug. 2004).

minimum, the local zoning board of appeals may "deny comprehensive permits with impunity" and the HAC has no authority to order a local zoning board of appeal to issue a comprehensive permit.[5] *Taylor* v. *Housing Appeals Comm., supra* at 151. See *Zoning Bd. of Appeals of Wellesley* v. *Ardemore Apartments Ltd. Partnership, supra* at 815. "However, the municipality's failure to meet its minimum housing obligations . . . will provide compelling evidence that the regional need for housing does in fact outweigh the objections to the proposal."[6] *Board of Appeals of Hanover* v. *Housing Appeals Comm.*, 363 Mass. 339, 367 (1973).

*Facts.* We summarize the facts set forth in the complaint.[7] In November, 2000, a developer, Hingham Campus, LLC, applied to the zoning board of appeals (board) for a comprehensive permit, in accordance with G. L. c. 40B, to build a continuing care retirement community called Linden Ponds. Linden Ponds is a phased project that will contain 1,750 rental apartments, 192 assisted living units, and a 324-bed skilled nursing facility. All residents will have to pay a refundable entrance deposit and monthly fee. Entrance deposits range from $195,000 to $435,000 and monthly fees range from $1,252 to $2,230 depending on the size of the unit.

After public hearings held over several months, the board unanimously voted to grant the comprehensive permit. The comprehensive permit became final on September 18, 2001, when the written decision granting it was filed with the Hingham

---

[5]Even if a municipality meets its statutory minimum, the local board of appeals may, in its discretion, grant comprehensive permits. See *Boothroyd* v. *Zoning Bd. of Appeals of Amherst*, 449 Mass. 333, 341 (2007).

[6]When a municipality has failed to meet its statutory minimum the "HAC may still uphold denial of the permit as 'reasonable and consistent with local needs' if the community's need for low or moderate income housing is outweighed by valid planning objections to the proposal based on considerations such as health, site, design, and the need to preserve open space." *Zoning Bd. of Appeals of Greenfield* v. *Housing Appeals Comm.*, 15 Mass. App. Ct. 553, 557 (1983).

[7]In reviewing a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), "we accept the factual allegations in the plaintiffs' complaint, as well as any favorable inferences reasonably drawn from them, as true." *Sullivan* v. *Chief Justice for Admin. & Mgt. of the Trial Court*, 448 Mass. 15, 20-21 (2006), quoting *Ginther* v. *Commissioner of Ins.*, 427 Mass. 319, 322 (1998).

451 Mass. 501 (2008)                                                    505

Town of Hingham v. Department of Housing and Community Development.

town clerk. 760 Code Mass. Regs. § 31.08(4) (2004). Despite the board's belief that all 1,750 of the Linden Ponds rental units should count toward the town's SHI, the town received a letter dated November 16, 2005, in which the department informed the town that it would only count twenty-five per cent of the units toward the town's SHI.[8] As a result of the department's refusal to count all the units, the town has not fulfilled its ten per cent minimum affordable housing obligation and will be subject to additional G. L. c. 40B projects. The town requests a declaration that it is entitled to have all the units counted toward its SHI.

*Discussion.* 1. The purpose of declaratory judgment is "to afford relief from uncertainty and insecurity with respect to rights, duties, status and other legal relations." *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 291 (1977), quoting G. L. c. 231A, § 9. However, in order for a court to provide declaratory relief, an actual controversy — that is, a controversy appropriate for judicial resolution — must exist. In the context of a dispute between an administrative agency and a party, there is no actual controversy in the absence of final agency action. See *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, 390 Mass. 583, 592 (1983). See also *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 450 (1973) ("proceeding for declaratory relief in itself does not operate to suspend the ordinary requirement that a plaintiff exhaust his administrative remedies before seeking judicial relief"). Similarly, a general prerequisite for obtaining mandamus relief is that all available administrative remedies have been exhausted. See *Karl V. Wolsey Co.* v. *Building Inspector of Bedford*, 324 Mass. 419, 422 (1949).

Here, the town is challenging a nonfinal administrative ruling. The department's letter dated November 16, 2005, informing

---

[8]The letter from the defendant, dated November 16, 2005, is not included in the record appendix.

We note that the record contains a letter dated December 19, 2001, four years before the letter that prompted the town's complaint. In this letter, the chairman of the HAC informed the town that 760 Code Mass. Regs. § 31.04 (2004), which establishes the process for calculating a town's SHI, does not grant the town an independent right to appeal from the SHI calculation.

the town that it would only count twenty-five per cent of the Linden Ponds units toward the town's SHI, is not formally binding on the HAC. As discussed *infra*, the SHI calculation can be reviewed by the HAC in a later proceeding, when an applicant appeals from the denial of a comprehensive permit.[9] Moreover, the HAC regulations explicitly state that the SHI merely carries a presumption of correctness and that a party, including a town, may introduce evidence to rebut the presumption at the later proceeding. 760 Code Mass. Regs. § 31.04(1)(a). If a party rebuts the SHI calculation, the HAC "shall on a case by case basis determine what housing or units of housing are low or moderate income housing." *Id.* Therefore, because there was no final or formal action by the department, the town's declaratory action is premature.[10] See *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, *supra* at 589-591 (no declaratory judgment where defendant sent plaintiffs informal notice of anticipated ruling in letter and plaintiffs had opportunity to object to ruling in subsequent formal proceeding).

The town also claims that because an application for another comprehensive permit was pending before the board that called into question the board's affordable housing status, the judge erred when she held that no controversy existed.[11] As has been stated, there is no actual controversy between a party and an

---

[9] A decision of a zoning board of appeals to grant a comprehensive permit also may be appealed by "[a]ny person aggrieved by the issuance" to the Land Court or Superior Court under the appeals procedure established in G. L. c. 40A, § 17. G. L. c. 40B, § 21. The town is not a "person aggrieved" within the meaning of this statutory provision. See *Planning Bd. of Hingham* v. *Hingham Campus, LLC*, 438 Mass. 364, 368 (2003) (planning board not aggrieved person).

[10] The town contends that the judge erred in determining that there was no final administrative action because she based her conclusion on a letter that is not the administrative action that is the subject of the complaint. The town is correct that it is the November 16, 2005, letter from the department and not the December 19, 2001, letter from the HAC that formed the basis of the complaint. Even though the judge used the 2001 letter, rather than the 2005 letter, the town was not harmed because this does not change the legal analysis regarding whether a nonfinal administrative act creates an actual controversy. Moreover, this error has no bearing on this appeal because we review this jurisdictional issue de novo. See *Chenard* v. *Commerce Ins. Co.*, 440 Mass. 444, 445 (2003).

[11] The judge determined that the town's uncertainty as to the percentage of affordable housing units in its SHI was "wholly speculative and not appropri-

administrative agency until the agency issues a final decision. See *Samuels Pharmacy, Inc.* v. *Board of Registration in Pharmacy*, *supra* at 592. See also *Alliance, AFSCME/SEIU, AFL-CIO* v. *Commonwealth*, 427 Mass. 546, 549 (1998) (mandamus relief only where controversy concrete rather than remote or abstract). Thus, even with another G. L. c. 40B application pending, the town still is not entitled to a declaratory judgment or mandamus relief precisely because the application is still pending; it has not resulted in final action either by the town or by the department.

2. The town next contends that the judge erred in concluding that the town had failed to exhaust its administrative remedies. The town argues that it cannot exhaust its administrative remedies where none is provided independently to challenge an improper SHI calculation. It claims it has "no right to appeal the [SHI] calculations nor is there any hearing process established to hear disagreements" about the SHI. We disagree. The town has an administrative remedy that entails waiting until a decision by the board to deny a comprehensive permit is appealed by the applicant.[12] G. L. c. 40B, § 22. Then the town may present any objections concerning the accuracy of the SHI at the HAC hearing. If the HAC rules against the town, it may appeal from that decision to the Superior Court pursuant to G. L. c. 30A. *Id.*[13]

The town claims that it is unable to make important decisions

ate for declaratory relief" because there were no pending G. L. c. 40B applications. The town's unopposed motion to supplement its opposition to the motion to dismiss contained an affidavit from a board member that stated that there was an application for a G. L. c. 40B project pending before the board. We will consider this motion because the department, at oral argument, stated that it did not object to this court's deciding the case in light of the pending G. L. c. 40B application.

[12]Depending on what action the board takes on the pending application for a comprehensive permit that it has before it, as discussed *supra*, such an appeal may result. Cf. *Wrentham* v. *Housing Appeals Comm.*, *post* 511, 514 (2008) (where board denied comprehensive permit and developer appealed to HAC but where court held that HAC's remand order was not final decision subject to judicial review or declaratory judgment).

[13]Because the town's administrative remedies are not available in the proceeding that gave rise to its claim of having met its ten per cent statutory minimum of affordable housing, this case does not present the usual factual basis for application of the exhaustion requirement. Compare, e.g., *East Chop Tennis Club* v. *Massachusetts Comm'n Against Discrimination*, 364 Mass. 444, 445-446, 448 (1973) (plaintiff was party to ongoing administrative

about its affordable housing options because municipalities lack an independent avenue to appeal, that "substantively affects [its] rights regarding its ability to deny comprehensive permits" and "[i]n the event a developer fails to appeal a denial of a comprehensive permit . . . the [municipality] cannot challenge the SHI."[14] We disagree. A municipality is free to deny a comprehensive permit even if it has failed to meet its minimum low or moderate housing obligation as long as "the community's need for the low or moderate income housing is outweighed by valid planning objections . . . such as health, site, [and] design." *Zoning Bd. of Appeals of Greenfield* v. *Housing Appeals Comm.*, 15 Mass. App. Ct. 553, 557 (1983). Moreover, if a developer chooses not to contest the permit denial, then the municipality would have no need to challenge the SHI because it would not be harmed.

There are sound policy reasons for requiring exhaustion of administrative remedies. The HAC should be given the opportunity to address the issues raised by the town so as to "avoid the occurrence of untimely and piecemeal litigation." *Gill* v. *Board of Registration of Psychologists*, 399 Mass. 724, 727 (1987). "To permit judicial interference with the orderly administration by the [HAC] of matters entrusted to it by the Legislature before it has . . . [made] a final decision, would in effect transfer to the courts the determination of questions which the Legislature has left . . . to the [HAC], and would result in the substitution of the judgment of the court for that of the [HAC]." *Saint Luke's Hosp.* v. *Labor Relations Comm'n*, 320

proceeding before defendant agency when it initiated court action for declaratory relief). Nonetheless, the principles and policy reasons underlying the exhaustion doctrine, discussed in the text *infra*, apply with equal force to this case, because these principles and reasons focus on the expertise and role of the HAC.

[14]The town also contends that the "only mechanism to obtain review of the SHI requires . . . manipulation of the comprehensive permitting process to obtain an appeal." Its reliance on *Planning Bd. of Hingham* v. *Hingham Campus, LLC*, 438 Mass. 364, 370 (2003), to support this claim is misplaced. That case did not deal directly with the issue presented in this case. The planning board sought a mechanism by which it could appeal the granting of a comprehensive permit in an effort to thwart the construction of low and moderate income housing. *Id.* Here, the town seeks to create a route of appeal that would permit independent challenges to the department's calculation of the town's SHI.

Mass. 467, 470 (1946). Moreover, "allowing the administrative process to run its course . . . gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme." *Gill* v. *Board of Registration of Psychologists, supra* at 727, quoting *Assuncao's Case*, 372 Mass. 6, 8 (1977).

3. Exceptions to the exhaustion requirement have been made when the administrative remedy is inadequate, "when important novel, or recurrent issues are at stake, when the decision has public significance, or when the case reduces to a question of law." *Luchini* v. *Commissioner of Revenue*, 436 Mass. 403, 405 (2002), quoting *Space Bldg. Corp.* v. *Commissioner of Revenue*, 413 Mass. 445, 448 (1992). See *I.S.K. Con of New England* v. *Boston*, 19 Mass. App. Ct. 327, 330 (1985). The town contends that the circumstances of this case warrant an exception to the exhaustion requirement because challenging the SHI presents a "novel and unique case" that is a matter of "particular public interest." The town's reliance on *Kelleher* v. *Personnel Adm'r of the Dep't of Personnel Admin.*, 421 Mass. 382, 385 (1995), and *Norfolk Elec., Inc.* v. *Fall River Hous. Auth.*, 417 Mass. 207, 210 (1994), is misplaced. Both of these cases granted an exception based on the fact that the case dealt with "purely legal questions," *Kelleher* v. *Personnel Adm'r of the Dep't of Personnel Admin., supra*, or had no "fact-finding function for the agency to perform." *Norfolk Elec., Inc.* v. *Fall River Hous. Auth., supra.* Here, the underlying issue is whether the department properly calculated the town's SHI, which is a factual question rather than a purely legal question that does not present a novel issue. This case is not one of the rare cases that warrants an exception to the exhaustion requirement.

The town further claims that the "unique hardship" placed on it due to the administrative agency's disregard for its guidelines as well as the "[t]own's inability to independently appeal augers in favor of not requiring exhaustion." The town's reliance on *Globe Newspaper Co.* v. *Beacon Hill Architectural Comm'n*, 421 Mass. 570, 588 (1996), does not help its argument. In that case, the court stated that "[l]itigants may challenge *agency action* as insufficient at law or unwarranted by the evidence in part based on agency deviance from the policies

stated in its rules" (emphasis added). *Id.* As discussed *supra*, there has been no final or formal action taken by the department regarding the town's SHI calculation. Thus, we decline to extend this exhaustion exception to this case.

4. The town argues that the judge's decision failed to give effect to the streamlining mandate of G. L. c. 40B. It further asserts that the department's action will "severely chill" future applications pursuant to G. L. c. 40B because the only mechanism for a town to challenge a SHI calculation would be by denying permits and the developers would end up factoring these litigation costs into their projects. This, they argue, could make it uneconomic for the developer to build in the town. We disagree. If we adopt the town's position, the lengthy delays inherent in permitting independent litigation of the SHI calculations would itself chill G. L. c. 40B projects and impede the construction of low or moderate income housing, thus thwarting the purpose of G. L. c. 40B, which is "to promote affordable housing by minimizing lengthy and expensive delays." *Standerwick v. Zoning Bd. of Appeals of Andover*, 447 Mass. 20, 29 (2006). Moreover, there would be no limit on how often or when a town could file a complaint for a declaratory judgment or judicial review of a its SHI calculation.

*Conclusion.* For the reasons stated above, the judgment allowing the motion to dismiss is affirmed.

*So ordered.*