NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-808

EMORY G. SNELL, JR.

vs.

COMMISSIONER OF CORRECTION & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Emory G. Snell, Jr., incarcerated at the Massachusetts Correctional Institution in Shirley (MCI-Shirley), brought this action against two Department of Correction (DOC) officials, alleging violation of a regulation regarding prisoners' property and seeking declaratory and injunctive relief.  He appeals from a judgment allowing the defendants' motion to dismiss.  We affirm.

Discussion.  "We review the allowance of a motion to dismiss de novo."  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  In conducting this review, "[w]e accept as

_____

[1] Deputy superintendent of operations at the Massachusetts Correctional Institution in Shirley.

true the allegations in the complaint and draw every reasonable inference in favor of the plaintiff."  Id.  To survive a motion to dismiss, a complaint must contain "factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief."  Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "In review of a dismissal pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), we draw our facts from the allegations of the complaint and from its appended materials incorporated by reference."  State Room, Inc. v. MA-60 State Assocs., L.L.C., 84 Mass. App. Ct. 244, 245 (2013).  We note that the parties' briefs contain references to issues and materials that are outside the scope of the plaintiff's verified complaint.  We restrict our review to the matters pleaded in the plaintiff's complaint, keeping in mind that "there is no requirement that a complaint state the correct substantive theory of the case," and that "[a] complaint is not subject to dismissal if it would support relief on any theory of law" (citation omitted).  Gallant v. Worcester, 383 Mass. 707, 709-710 (1981).  See Lamoureux v. Superintendent, Mass. Correctional Inst., Walpole, 390 Mass. 409, 410 n.4 (1983) (pro se filings construed liberally where complaint presents cognizable legal theory).

Prisoners at DOC facilities are permitted to obtain electric fans "via institutional canteen purchases in accordance with the designated security level. . . .  Any fans used by inmates must be a table model only with a plastic stand, and only with a blade size of [twelve inches], which blades must be plastic and enclosed in a plastic frame."  103 Code Mass. Regs. § 403.10(2)(a) (2017).  The plaintiff seeks a declaration that this regulation "affords all prisoners the right to possess and retain a [twelve-inch] fan," and an order enjoining DOC from interfering with this right.

We disagree with the plaintiff's contention that the regulation creates a right for all prisoners to possess twelve-inch fans.  The regulation's reference to twelve-inch fans is a limitation on the size, design, and material of fans that prisoners might possess, not an entitlement to possess a fan of those specifications.  In fact, the regulation contains a number of terms limiting prisoners' entitlement to fans.  It states that prisoners "may" -- not "shall" -- obtain certain items, subject to restriction by the superintendent, and only "via institutional canteen purchases in accordance with the designated security level."  103 Code Mass. Regs. § 403.10(2)(a).  The plaintiff alleges no facts supporting his contention that this permissive regulation has been systematically violated.  "[A] complaint can be dismissed for

3

failure to state a claim for which relief can be granted only if a reading of the complaint establishes beyond doubt that the facts alleged . . . do not add up to a cause of action which the law recognizes." Municipal Light Co. of Ashburnham v. Commonwealth, 34 Mass. App. Ct. 162, 166, cert. denied, 510 U.S. 866 (1993). That is the case here.

We also note, to the extent the plaintiff alleged that the defendants stole his fan, that he has failed to exhaust administrative remedies. Generally, prisoners are prohibited from bringing an action concerning occurrences during their confinement unless they have exhausted the available administrative grievance procedure. See G. L. c. 127, §§ 38E-38F; Davis v. Commonwealth, 95 Mass. App. Ct. 398, 399 (2019). As the plaintiff correctly points out, an exception exists for complaints seeking declaratory relief from an unconstitutional or otherwise unlawful policy. See Grady v. Commissioner of Correction, 83 Mass. App. Ct. 126, 137 n.9 (2013). To the extent the plaintiff seeks declaratory relief, as explained above, he has failed to plead sufficient facts to establish that DOC's application of the regulation has resulted in a consistent or repeated violation of his rights or those of other prisoners. Contrast Haas v. Commissioner of Correction, 103 Mass. App. Ct. 1, 7 (2023) (allegedly unlawful standard operating procedure consistently and repeatedly relied on to deny inmates' lawful

4

requests).  To the extent that he challenges his individual treatment by the defendants, his claim was subject to the exhaustion requirement, warranting dismissal of his complaint on that ground.  See Hingham v. Department of Hous. & Community Dev., 451 Mass. 501, 502 (2008) (affirming dismissal of complaint for lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies).[2]

> Judgment affirmed.
>
> By the Court (Meade,
>   Massing & Brennan, JJ.[3]),
>
> Clerk

Entered:  February 9, 2026.

---

[2] Although the defendants do not raise the exhaustion issue on appeal, we have the duty to consider the lack of subject matter jurisdiction, "even on appeal, and even sua sponte." Federal Nat'l Mtge. Ass'n v. Gordon, 91 Mass. App. Ct. 527, 531 (2017).

[3] The panelists are listed in order of seniority.